ELVIS ALFONSO
Reg. Number : 38552-512
FCI-Oakdale Low II
P.O. Box. 5010
Oakdale, LA. 71463

FILED BY MCO D.C.
NOV 09 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF FLORIDA

ELVIS ALFONSO (
Petitioner. (
(
V. ( Case No.: 1:25-CR-20438-DPG(5)
(
UNITED STATES OF AMERICA (
Respondent. (

---

MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. SECTION 3582 (C)(2) IN LIGHT OF AMENDMENT 821
TO U.S.S.G. § 4C1.1 CHAPTER FOUR
"ZERO POINTS OFFENDERS"

---

Comes now Petitioner Elvis Alfonso Acting Pro Se in necesity, respectfully moves to this Honorable District Court for the Southern District of Florida, to entertain this Motion for Reduction of Sentence, pursuant to 18 U.S.C. § 3582 (c)(2), in which the United States Sentencing Commission and August 24th, 2023., Unanimously agreed to the Retroactive application of Amendment 821 submitted to Congress by the United States Sentencing Commission, revising Chapter Four of the Guidelines Manual, specifically Part B, Subpart 1, that creates a new Chapter Four guidelines at ¶ 4C1.1. Adjustment for Zero Points Offenders.

This new Amendment provides a decrease of Two Levels from the Offense Level Determined under Chapter Four and Three for defendant's who did not receive any Criminal History Points, and whose instant offense did not involve specified aggravating factors.

The Amendment included Part B, Subpart 1 in the listing in §1B1.10 (d) as an Amendment that may be available for Retroactive application subject to a special instruction, that states :

> " The Court shall not order a reduce term of imprisonment based on Part A or B of Amendment 821, unless the effective date of the Court;s order if February 1st, 2024, or latter ".

## BACKGROUND

On January 28th, 2026., The Petitioner was arrested for a pending warrant for this offense is briefly described as follows, 21 U.S.C. §§ 846 and 841, Conspiracy, Possession with Intent to Distribute a Controlled Substance.

Sentencing Proceding were held before the Honorable District Judge, Gayles, after careful consideration of Petitioner's personal characteristics; and the Factors contained in § 3553 (a) impossed a Sentence of 64 months of Imprisonment followed by 3 years of Supervised Release, and Stabilished of Zero Criminal History Points, and Category Level I, on July 9th, 2026.

Petitioner is currently housed at a Low Security Facility located in Federal Correctional Institution, Low II in Oakdale, Louisiana., In the time hehas served he has not incurred a single Disiplinary Infraction. Petitioner's release date now stands to be on December 30th, 2030, via the First Step Act of 2018.

## STATEMENT OF LAW

The Commission promulgated U.S.S.G. § 1B1.10 (Reduction in the term of imprisonment as result of an Amended Guideline Range)(Policy

Statement) to implement 28 U.S.C. § 944 (u), and to provide a guidance to a Court when considering a Motion under 18 U.S.C. § 3582 (c)(2). Subsection (a) of § 1B1.10 specifies when a reduction pursuant to 18 U.S.C. § 3582 (c)(2) is available :

> " In a case in which a defendant is serving a term of imprisonment, and the Guideline Range applicable to that defendant has been lowered as result of Amendment to the Guidelines Manual listed in Subsection (d) below, the Court may reduce the defendant's term of imprisonment as provided in 18 U.S.C. § 3582 (c)(2). As required by 18 U.S.C. § 3582 (c)(2), any such reduction in defendant's term of imprisonment shall be consistent with this Policy statement. See Dillon V. United States, 560 U.S. 817(2000).

Section 1B1.10 further explains that a reduction would not be consistent with the Policy Statement if none of the Amendments listed in Subsection (d) of Section 1B1.10 are aplicable to the defendant or if a listed Amendment "does not have the effect of lowering the defendant's applicable Guideline range. "(See U.S.S.G. § 1B1.10 (a)(2)). Additionaly, that Section provides that procedings under 18 U.S.C. § 3582 (c)(2), do not constitute a full resentensing of the defendant". (See U.S.S.G. § 1B1.10 (a)(3)).

In addition to specifying which Guidelines Amendments may be retroactively applied, consistent with 28 U.S.C. § 944 (u), Section 1B1.10 guides Courts as to the extent of a sentence reduction under 18 U.S.C. § 3582 (c)(2), Subsection (b)(1) of U.S.S.G. § 1B1.10 states :

> " In determining whether, and to what extent, a reduction in

the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582 (c)(2), the Court shall determine the Amended Guideline Range that would have been applicable to the defendant if the Amendment(s) to the Guidelines listed in Subsection (d) for the corresponding Guideline provisions that were applied when the defendant was sentenced and shall leave all other Guideline applications decisions unaffected ". See U.S.S.G. § 1B1.10 (b)(1).

Section 1B1.10 further provides that as a general matter, the extent of the reduction granted should not go below the Amended Guideline Range determined in accordance with Subsection (b)(1).

i.- Zero Points Offenders.

Part B, Subpart 1 of the 2023 Criminal History Amendment creates a new Chapter Four Guideline at § 4C1.1 (Adjustment for Zero Points Offenders), which provides a decrease of Two Levels from the offense Level determined under Chapters Two and Three for offenders who did not receive any Criminal History Points under Chapter Four, Part A, and whose instant offense did not involve spacified eligibility criteria.

New § 4C1.1 defines "Zero Points Offenders" as those offenders with no Criminal History Points, including :

(1) Offenders with no prior convictions.

(2) Offenders who have prior convictions that are not counted because those convictions were not withing the time limits set forth in Subsection (d) and (e) of § 4A1.2 (Definitios and instructions for computing Criminal History).

(3) Offenders who have prior convictions that are not used in computing the CHC for reasons other than their stalness

(e.g., sentence resulting from misdeameanor convictions, or infractions).

This definitions reflects the Long-standing and carefully crafted Criminal History rules set forth in Chapter Four regarding whcih prior convictions count for Criminal History purpose and which do not.

While determining that a reduction is appropiate for some offenders with Zero Criminal History Points, the Commission also identified circumstances in which Zero Points Offenders are appropiately excluded from eligibility in light of the seriousness of the instant offense. In addition to having Zero Criminal history points, all of the following criteria must be met :

1.- The defendant did not receive an adjustment under § 3A1.4.

2.- The defendant did not use violence of credible threat of violence in connection with the offense.

3.- The offense did not result in death of serious bodily injury.

4.- The instant offense of conviction is not a sex offense.

5.- The defendant did not personally cause substantial financial hardship.

6.- The defendant did not possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

7.- The instant offense of conviction is not covered by § 2H1.1.

8.- The defendant did not receive an adjustment under § 3A1.1 or § 3A1.5.

9.- The defendant did not receive an adjustment under § 3B1.1 and was not engaged in a continuing Criminal enterprise, as defined in 21 U.S.C. § 848.

## A R G U M E N T

On November 1st, 2023., The Amendment 821 became effective this would deduce Reduce Defendant's Offense Level by Two Levels and his would apply Retroactively the First Step Act Amendment to U.S.C. Section 3582 provides an example of such specify Authoritation Section 3582 (c)(2) authorizes District Courts to reduce on a Sentencing Range that has been lowered by the Sentencing Commission, in which to applicable to Petitioner.

In the case of Petitioner, under the factors set forth in Section 3553 (a) defendant allege roll in the underlying offense, does not pose any threat to public safety and Petitioner case is not one of Violent Nature. Therefore Petitioner here meets the stabilished criteria by Congress.

Under the discretion of the Honorable Judge, The Court makes Two Determinations deciding whether or not to modify a sentence under 18 U.S.C. § 3582 (c)(2), What sentence would have been imposed had retroactive Amendment been in effect at the time the Defendant was sentenced, had the new sentencing range at the time of the original sentence. See United States V. Wyatt, 115 F32. 606, 609 (8th Circuit).

## RELEVANT FACTS

On July 9th, 2026., The Honorable judge Gayles, imposed a sentence upon Petitioner of 64 months to be followed by a term of Supervision Release of 3 years, after pleading guilty to the Charges 21 U.S.C. §§ 846 and 841, Conspiracy, Possession with Intent to Distribute a Controlled Substance.

Petitioner argues that, under § 1B1.10 the Court should determine the Amended Guideline Range that would have been applicable to Petitioner if Amendment 821 to the Guidelines had been in effect at the time of Petitioner's sentence. In making this determinattion, the Court can substitute the part of Amendment 821 that corresponds to the Guideline provisions that were applied when Petitioner was sentenced, and leave all other provisions unaffected.

In Petitioner's case, being a First time, Non Violent offender, with no aggravating factors in his instant offense of conviction, Part B, Subpart 1 of the 2023 Criminal History Amendment would firmly apply to this case, thereby amending his base offense level that was used to calculate his current sentence of 64 months of imprisonment.

Factor to consider set for in Section 3553 (a) Rehabilitation, Petitioner has taken every advantage of every single Prison rehabilitation Program, worthy of recognition and considerable for this Sentencing Reduction request.

The defendant's previous total Offense level was 26, which the Honorable Judge imposed a Sentence of 64 months followed by 3 years of Supervised Release. The parties stipulate that, pursuant to Amendment 821, Two Levels should be reducted from the Defendant's offense level, yielding a revised total Offense Level 24, with a resentence a 52 months.

Petitioner in his time stay of incarceration has demostrated and outstanding conduct with no Disiplinary Incident report, he has been model inmate, He try to rake the recomendations to the Case Manager or Cousel for take any Program for Reduce his Sentence.

Petitioner has maintained uniformly close and loving relation

ships with his family. Petitioner's family are extremely suportive of him and they consider him as an important part of their lives.

## C O N C L U S I O N

Wherefore, for the above mentioned reasons, Petitioner moves this Honorable District Court for a Reduction in his Sentence under 18 U.S.C. § 3582 (c)(2) based upon Amendment 821 to the United States Sentencing Guideline, specifically Part B, Subpart 1, the provides a Two Lwvel downward adjustment for certain offenders with "Zero Criminal History Points" under the Guidelines.

Petitioner asserts that Amendment 821, as submitted to the Federal Registrer for publication, firmly applies to his instant case, and prays to this Honorable court to exercise its discretion, the same discretion it applied at his first sentencing hearing, and reduce his sentence accordingly.

Date on October 19th, 2026.

Respectfully Submitted

ELVIS ALFONSO
Pro. Se.

ELVIS ALFONSO
Reg. Number : 38552-512
FCI-Oakdale Low II
Federal Correctional Institution
P.O. Box 5010
Oakdale, LA. 71463

CERTIFIED MAIL

7012 3460 0003 1776 1116

REC'D BY ______ D.C.
NOV 09 2026

Retail

U.S. POSTAGE PAID
FCM LG ENV
OAKDALE, LA 71463
NOV 02, 2026
33128
$0.00
RDC 99 0 Lb 2.00 Oz S2324A500902-99

* 38552-512 *
United States Courthouse
Florida
400 North Miami Avenue
Room 8
Miami, FL. 33128
* LEGAL MAIL *